```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

IN RE

ERNIE HAIRE FORD, INC.,

                Debtor.
_____ /

ERNIE HAIRE FORD, INC.,

                Plaintiff,
v.                                 Case No.   8:12-mc-92-T-33
                                   Bankr. No. 8:08-bk-18672-MGW
                                Advs. Pro. No. 8:11-ap-01402-MGW

BENJAMIN J. ATKINSON and
HARDEE CAR COMPANY,
                Defendants.
_____/

## ORDER

    This matter comes before the Court pursuant to Benjamin Atkinson's and Hardee Car Company's Motions to Withdraw Reference from Bankruptcy Court to the United States District Court for the Middle District of Florida (Doc. ## 2, 5). The Motions were filed on August 30, 2012, and October 9, 2012, respectively. Ernie Haire Ford, Inc., filed a Response to Atkinson's Motion (Doc. # 4) on October 8, 2012.

    The relevant Motions involve an adversary proceeding pending before the bankruptcy court in which Atkinson and Hardee Car Company have filed Answers and Demands for a Jury Trial. Atkinson and Hardee Car Company expressly provide in the Motions to Withdraw Reference that they do not consent to a jury trial of the adversary proceeding in bankruptcy court. (Doc. # 2 at 4; Doc. # 5 at 4).

Thus, Defendants request this Court to withdraw the reference of the adversary proceeding so that the requested jury trial may be conducted before this Court instead.

Upon consideration, the Court declines to withdraw the reference. The Court concludes that permitting this adversary proceeding to remain in bankruptcy court for the disposition of all pretrial matters, including any dispositive motion, (1) advances uniformity of bankruptcy administration, (2) decreases both the likelihood of confusion and the opportunity to gain an advantage by forum shopping, (3) promotes the economical use of the parties' resources by limiting the bulk of the action to a single forum, and (4) facilitates the efficient administration of the debtor's estate. See In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991). "[T]he bankruptcy judge is 'fully equipped' with the necessary judicial skills to determine and resolve all legal issues arising in this case prior to trial." Hvide Marine Towing, Inc. v. Kimbrell, 248 B.R. 841, 845 (M.D. Fla. 2000).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that**:**

Defendants' Motions to Withdraw Reference from Bankruptcy Court to the United States District Court for the Middle District of Florida (Doc. ## 2, 5) are **DENIED WITHOUT PREJUDICE** to the extent that the parties may re-assert the request for withdrawal upon the conclusion of all pre-trial matters. The Clerk is

directed to **CLOSE** this case.

      **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of October, 2012.

                                       VIRGINIA M. HERNANDEZ COVINGTON
                                       UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Clerk, Bankruptcy Court